**LeRoy H. NYHUS, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 78–1856.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1979.

Decided March 16, 1979.

LeRoy H. Nyhus, filed brief pro se.

---

M. Carr Ferguson, Asst. Atty. Gen., and Gilbert E. Andrews, Grant W. Wiprud and James A. Riedy, Attys., Tax Div., Dept. of Justice, Washington, D. C., filed brief for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Petitioner-taxpayer reported no income tax liability for 1976. The Commissioner of Internal Revenue determined that taxpayer owed $4,629 in taxes for 1976 and assessed that sum as a deficiency. Plaintiff filed a petition for redetermination in the Tax Court on March 3, 1978.

On April 17, 1978, the Commissioner moved to strike from taxpayer's petition most of his assignments of error as a frivolous and meritless attack upon the monetary system of the United States. On May 24, 1978, the Tax Court ordered petitioner to amend the petition and set forth clear and concise statements of the facts on which he based his assignments of error. Petitioner refused to amend but did file a motion supporting his original petition and a second motion requesting that all hearings on the case be held at St. Paul, Minnesota.

On July 31, 1978, the Tax Court denied the motion to hold the hearing in St. Paul, Minnesota; and, as it had warned it would do if petitioner did not amend his petition, the Tax Court dismissed petitioner's suit for failure to state a claim upon which relief could be granted. Petitioner subsequently filed a motion to vacate. The motion was denied September 1, 1978, and petitioner brought this appeal.

On appeal petitioner makes two claims:

(1) the Tax Court erred in dismissing the suit; and

(2) the Tax Court erred in denying petitioner's request that the proceedings be moved to St. Paul, Minnesota.

Petitioner argues that even without the stricken portions of the petition, he did present a claim by his statements of fact and error, to-wit:

4. The determination of the so-called "deficiency" alleged in the Notice of Deficiency and attachment is erroneous in that it seems to be based upon the following errors:

a. A presumption not supported by fact that Petitioner had and received a sufficient number of dollars in gross income during 1976 to have a tax liability or deficiency * * *.

5. The facts upon which Petitioner relies, as the basis for his case are:

a. Petitioner did not have and receive a sufficient number of Dollars in gross income during 1976 to have either a tax liability or a deficiency—see Petitioner's Affidavit.[1]

The Tax Court pursuant to Tax Court Rule 34(b) 4–5 ordered petitioner to amend his petition "setting forth clear and concise statements of all the facts on which petitioner bases the assignment of error," and ordered petitioner to show cause why the case should not be dismissed for failure to state a claim. Thereafter, petitioner refused to amend.

Petitioner did file a "Motion in Opposition to Respondent's Motion to Strike." In that motion petitioner claimed his allegations "D[ID] *NOT* attack 'the legality of the monetary system;' " but instead were based on points of law either decided by the courts in his favor or which could be found in the United States laws. Nevertheless, in his motions to the Tax Court and in his brief on appeal he cites no cases, or statutory or constitutional provisions, nor does he detail any facts or suggest any theory which if proved would establish that the deficiency determined by the Commissioner was incorrect.

The affidavit indicates that the only ground for petitioner's claim is that he was not paid in legal dollars as defined by Con-

---

1. The affidavit states, "I [Petitioner] did not have and receive a sufficient number of Dollars (as defined by the U.S. Congress in the current laws of the United States) in gross income during 1976 to have a tax liability."

gress.[2] Such attacks on the United States Monetary system have been consistently rejected. *See, e. g., United States v. Ward,* No. 78–1769 (8th Cir. 1979) (slip op. at 3); *United States v. Rifen,* 577 F.2d 1111, 1112–13 (8th Cir. 1978); *United States v. Schmitz,* 542 F.2d 782 (9th Cir. 1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977).

Because (1) petitioner failed clearly and concisely to state the facts on which he bases the assigned error, (2) his statements were not of underlying specific facts but were instead mere conclusions, (3) he refused the opportunity to amend his petition, and (4) the only suggested basis for his claim was completely without merit, the Tax Court correctly held petitioner had failed to state a claim upon which relief could be granted. In light of our holding, we need not consider the contention that the Tax Court should have transferred the proceedings to St. Paul, Minnesota.

The judgment of the Tax Court is affirmed.

---

2. A corollary argument of petitioner appears to be that because he was not paid in legal dollars he did not receive the money he earned.