**Lavern SCHERPING, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 83–2088.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1984.

Decided Nov. 2, 1984.

---

John E. Mack, New London, Minn., for appellant.

William Wang, Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Lavern Scherping appeals from an order of the Tax Court dismissing his petition for redetermination of a deficiency for failure to state a claim. The case was first considered on an order that Scherping show cause why the appeal should not be dismissed as entirely lacking in merit. After a response was filed, the case was briefed and arguments heard. Scherping argues that since he filed his petition pro se, the Tax Court should have construed it more liberally than it did and, further, that it should have either ordered him to amend his petition or taken other steps to urge him to substantiate his claims. We affirm the dismissal.

Scherping, a dairy farmer, received an IRS deficiency notice stating that he owed a total of $95,023 in additional taxes and penalties for the years 1979 and 1980. He filed a petition in the Tax Court for redetermination of the deficiency. He claimed some fifty-five errors were made in calculating the amount of the deficiency. To support the claims of error, he alleged that "a. income figures shown are too high, thus tax shown is too high; b. expenses shown are too low; c. U.S. Constitution." Three additional paragraphs followed, alleging essentially that Scherping was claiming his right against self-incrimination and that to provide further information would be potentially incriminating. When the petition was filed, Scherping requested that the Tax Court grant him immunity from prosecution. The request was denied.

The Commissioner filed a motion to dismiss for failure to state a claim. The motion stated that Scherping had filed a separate action challenging another notice of deficiency for an earlier tax year and that he had been ordered to produce records of income and expenses to support his claims of error in the other case.

The motion was referred to a special trial judge who concluded in a memorandum that the allegations Scherping made to support the claimed errors were conclusions and not facts as mandated by Tax Court Rule 34(b)(5). The memorandum went on

to discuss Scherping's demand for a jury trial, his assertion that his fourth and fifth amendment rights had been violated, and, specifically, his claim of privilege against self-incrimination under the fifth amendment. The trial judge was satisfied that any possible danger of self-incrimination was too remote and speculative to support a fifth amendment claim.

The Tax Court operates under its own Rules of Practice and Procedure. 26 U.S.C. § 7453 (1982). The Tax Court has interpreted its rules as requiring more detailed pleadings than are necessary under the Federal Rules of Civil Procedure. *See Klein v. Commissioner,* 45 T.C. 308 (1965); *Weinstein v. Commissioner,* 29 T.C. 142 (1957).

■ Tax Court Rule 34(b)(5) requires that petitions in deficiency actions include "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error." Moreover, in deficiency actions the Commissioner's determination is presumed correct, and the petitioner bears the burden to prove otherwise. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Oliver v. Commissioner,* 553 F.2d 560 (8th Cir.1977).

■ Scherping claims that his allegations "income figures shown are too high, thus tax shown is too high," and "expenses shown are too low" should be liberally construed as presenting judicable facts and not merely conclusions. It is true that pro se pleadings should be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Here, however, Scherping had a burden to plead sufficient facts to call into question the Commissioner's deficiency determination. His broad conclusory allegations did not satisfy that burden, for there are simply no facts pleaded to support the claims of error. The Tax Court was justified in dismissing his petition.

■ Scherping argues with some justification that a dairy farmer will of necessity have expenses for feed and that he has been allowed no deduction in this respect.

The simple answer is that Scherping has the burden to establish his deduction. *Brown v. Commissioner,* 446 F.2d 926, 929 (8th Cir.1971). His pleading makes no effort to set forth the facts that would justify such a deduction.

■ Scherping also claims that he should have been ordered to amend his petition. It is true that Scherping was not ordered to amend his petition, but he was given an opportunity by the Tax Court to respond to the motion to dismiss, which clearly pointed to the deficiencies of his petition. It was only after the time for response had passed that the dismissal was entered. Scherping had filed no response and had made no amendment to his petition. The Tax Court was aware of, and in its memorandum made reference to, Scherping's other pending deficiency action in which the Court ordered him to provide specific information to support his claims of error. We find no abuse of discretion in the Tax Court not ordering Scherping to amend his petition.

In *Nyhus v. Commissioner,* 594 F.2d 1213 (8th Cir.1979), the Tax Court dismissed a petition for redetermination of a deficiency after the petitioner failed to respond to its order to amend the petition to state specific facts. We affirmed, noting four reasons why the dismissal was proper: (1) petitioner failed to clearly state the facts on which he based the assigned error; (2) his statements did not allege underlying specific facts but instead were mere conclusions; (3) he refused the opportunity to amend his petition; and (4) the only suggested basis for his claim was meritless. *Id.* at 1215. The first, second and fourth reasons above are applicable to this case.

We affirm the order of the Tax Court dismissing Scherping's petition. *See* Eighth Circuit Rule 12(a).