JAMES F. WELLMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wellman v. Commissioner
Docket No. 39758-84.
United States Tax Court
T.C. Memo 1985-97; 1985 Tax Ct. Memo LEXIS 538; 49 T.C.M. (CCH) 866; T.C.M. (RIA) 85097; March 4, 1985. *538 Held, R's Motion to Dismiss Petition for Failure to State a Claim Upon Which Relief Can be Granted is granted. Held further, the Court, suasponte, awards damages to the United States in the amount of $5,000 since P instituted and maintained this proceeding primarily for delay and his position herein is groundless. Sec. 6673, I.R.C. 1954. James F. Wellman, pro se. Michael A. Urban, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge: Respondent's Motion to Dismiss Petition for Failure to State a Claim Upon Which Relief Can be Granted was assigned to Special Trial Judge Francis J. Cantrel for consideration and ruling thereon. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss Petition for Failure to State a Claim Upon Which Relief Can be Granted, which was filed pursuant to Rule 40 on January 14, 1985. [2] *539 Respondent, in his notice of deficiency issued to petitioner on August 24, 1984, determined a deficiency in petitioner's Federal income tax and additions to the tax for the taxable calendar year 1982 in the following respective amounts: Additions to Tax, I.R.C. 1954 [3]
Year
Income Tax
Sec.6651(a)(1)
Sec.6653(a)
Sec.6653(a)(2)Sec.6654
1982
$7,324.00
$763.50
$366.20
To be based $174.79
on an underpayment
of $7,324.00
The adjustments to income as determined by respondent in his deficiency notice are: Salaries and Wages
$27,399.31 Interest Income
101.00 Exemptions
(1,000.00)
[4] *540 $26,500.31 Petitioner's legal residence on the date he timely mailed and, thus, timely filed his 84 paragraph petition was 2602 Gettysburg Drive, Austin, Texas. [5] It appears that he filed no 1982 Federal income tax return with the Internal Revenue Service. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". [Emphasis added.] Petitioner, at paragraph 52 of his petition alleges--"52. Petitioner incurred substantial costs and expenses for the year shown above [1982] which were not taken into account." Nowhere in this record are we advised as to what these costs and expenses are or the amounts thereof. The "facts" quoted above are not facts as mandated by our Rules. They are mere conclusions. It is clear to the Court that petitioner is yet another in a seemingly unending parade of tax protesters bent *541 on glutting the docket of this Court and others with frivolous and groundless claims. It is clear beyond doubt that his petition alleges no justiciable error with respect to the Commissioner's determinations regarding wage income, interest income and the additions to the tax and no justiciable facts in support of any justiciable error are extant therein. [6] *542 Since he has no valid defense to the Commissioner's determinations he uses this forum as a platform to unleash a plethora of frivolous legal and constitutional contentions which have been rejected by this Court and others on innumerable occasions. We answer petitioner's frivolous claims, as gleaned from the entire record, hereinbelow. Section 7701(a)(1) defines a "person" as an individual, estate, partnership, association, company, or corporation. It is clear that petitioner is a "person" who is required to file a valid Federal income tax return and pay income tax due for the year in question. See section 6012. The authority of Congress to impose and collect Federal income taxes from individuals has long been upheld as constitutional. James v. United States,366 U.S. 213 (1961); O'Malley v. Woodrough,307 U.S. 277 (1939); Lynch v. Hornby,247 U.S. 339 (1918). The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioner [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). This Court generally (as is the case here) will *543 not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Proesel v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of this case. Sections 6212, 6213 and 6214. Gross income means all income from whatever source derived including (but not limited to) wage and interest income. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said--"* * * 'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "* * * the Sixteenth Amendment is broad enough to grant *544 Congress the power to collect an income tax regardless of the source of the taxpayer's income". [Citations omitted.] "One's gain, ergo his 'income,' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human needs." Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioner] may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income." [Emphasis added.] Rice v. Commisioner,T.C. Memo. 1982-129, and cases cited therein. Petitioner has not been wrongfully denied a jury trial. "The Seventh Amendment does not apply to suits against the United States, because there was no common law action against the sovereign. McElrath v. United States,102 U.S. 426, 440 (1880). Thus, it has repeatedly been held that there is no constitutional right to a jury trial in the Tax Court. Phillips v. Commissioner,283 U.S. 589, 599 n. 9 (1931); Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), *545 affg. 76 T.C. 1027 (1981); Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court". [7]Rowlee v. Commissioner,80 T.C. 1111, 1115 (1983). While petitioner may, indeed, petition this Court as he did (sections 6212 and 6213), he had an option to seek another forum. On this very point the Court in McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027, 1037 (1981) opined--"Moreover, by paying the tax and perfecting a refund suit the [petitioner Wellman] could have obtained a jury trial. [He] voluntarily chose not to do this." However, since he opted to file a petition with this Court, the mere filing of that petition is sufficient to deprive a U.S. District Court of jurisdiction for the years now before this Court. Further, we have no authority to remove this case to a U.S. District Court. Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972). Moreover, this Court has no procedure which authorizes or permits a party to unilaterally withdraw a petition once filed. Petitioner's Fourth and *546 Fifth Amendment rights have not been violated or abridged here. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an unreported decision of this Court; United States v. Neff,615 F.2d 1235, 1239 (9th Cir. 1980), cert. denied 447 U.S. 925 (1980). "In the notice of deficiency the Commissioner set forth the specifics upon which he made his determinations. These determinations are presumed correct, Welch v. Helvering,290 U.S. 111 (1933), and the party challenging bears the burden of disproving them. Tax Court Rule 142(a). The pleadings necessarily must contain the factual basis for the claim of error. Conclusions of law or general denials do not suffice. Such allegations do not satisfy the requirements of Rule 34(b). Nyhus v. Commissioner,594 F.2d 1213 (8th Cir. 1979). Because taxpayer has failed to state facts in support of the assigned errors, but has opted instead to assert mere conclusions, he has not complied with Rule 34(b). We affirm that tax Court's dismissal of the petition for failure to state a claim upon which relief can be granted." Guidry v. Commissioner,729 F.2d 1457 (5th Cir. 1984), affg. without published opinion an order of dismissal *547 and decision of this Court. [8]
Petitioner's assertion that he is not a person required to pay tax as he is not an officer, exployee or elected official of the United States, a State, or any political subdivision thereof, or of a corporation, is wholly meritless. United States v. Rice,659 F.2d 524, 528 (5th Cir. 1981). On this record, we find that petitioner has failed to state a claim upon which relief can be granted. Respondent's motion will be granted. Finally, we consider whether we should, on our own motion, award damages to the United States under section 6673. The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [9] *548 Section 6673, as amended, and as applicable to this case, provides- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand *549 from the Secretary and shall be collected as a part of the tax. Thus, when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for dealy or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. The petition filed in this case on November 26, 1984 does not contain a single justiciable fact nor does petitioner's answer to motion to dismiss filed on February 8, 1985. Neither document would support a claim that any of respondent's determinations are erroneous. The word "groundless" is a word of common usage and is defined in Webster's Third New International Dictionary Unabridged as--"having no ground or foundation: lacking cause or reason for support." Here, where no justiciable facts are pleaded and no justiciable facts are otherwise placed in this record, the only inference we can draw therefrom is that petitioner's position in this proceeding is groundless. Therefore, the conclusion is inescapable that this proceeding was instituted and is being maintained primarily *550 for delay. On this record, we make the following ultimate findings of fact: (1) The petition filed herein is legally groundless; (2) The position advanced by petitioner in his answer to motion to dismiss is groundless as a matter of law; and (2) This proceeding was instituted and maintained primarily for delay. The Court of Appeals for the Fifth Circuit, which has repeatedly rejected all of the contentions made by petitioner in this proceeding and where venue on appeal of this case lies, has made it unmistakeably clear that it will not tolerate the filing of appeals "designed only to delay". In Crain v. Commissioner,737 F.2d 1417, 1418 (5th Cir. 1984), affg. per curiam a decision of this Court, where on request of the United States, it was awarded twice the costs of its appeal and a $2,000 damage award, the Court said-- We are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law. An appeal that lacks merit is not always-or oftenfrivolous. However, we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate *551 the operation of the courts or any other governmental authority. [Taxpayer's] present appeal is of this sort. It is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal. [Emphasis added.] [10] *552 The foregoing language is equally applicable here. [11]
In accord with the foregoing, we conclude that this proceeding was instituted and maintained primarily for delay; that petitioner's position herein is groundless; that damages in the amount of $5,000 are appropriate; and, therefore, in our discretion, damages in that amount will be awarded to the United States under section 6673. [12]
An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(c) and (d), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).
2. All Rule references are to the Tax Court Rules of Practice and Procedure.
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Petitioner and his wife, Salinda A. Wellman, who is the petitioner in the case designated docket number 39759-84, throughout 1982 were residents of the State of Texas. All wages and other forms of gross income earned by a husband and wife domiciled in Texas are taxable one-half to each spouse, irrespective of who earned the wages or gross income. United States v. Mitchell,403 U.S. 190 (1971); Hopkins v. Bacon,282 U.S. 122 (1930). Here respondent, in his deficiency notice, has attributed one-half of the 1982 wage and interest income to petitioner.
5. See secs. 6213 and 7502.↩
6. In such circumstance, Rule 34(b) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded." See Jarvis v. Commissioner,78 T.C. 646, 658 (1982). Moreover, the absence in the petition of specific justiciable allegations of supporting facts permits this Court to grant respondent's motion. Waldweiler v. Commissioner,351 F.2d 587, 588 (7th Cir. 1965), affg. an order of dismissal and decision of this Court; Scherping v. Commissioner,747 F.2d 478 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Nyhus v. Commissioner,594 F.2d 1213 (8th Cir. 1979), affg. an order and decision of this Court; Klein v. Commissioner,45 T.C. 308 (1965); Weinstein v. Commissioner,29 T.C. 142↩ (1957).
7. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Fifth Circuit.↩
8. See also, Ludlum v. Commissioner,727 F.2d 1106↩ (5th Cir. 1984), affg. without published opinion an order of dismissal and decision of this Court.
9. The Committee Report to sec. 292(b), Pub. L. 97-248, 96 Stat. 574, states, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.] Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced priorto↩ January 1, 1983 and continues to be maintained as of November 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, sec. 160, amending TEFRA Act sec. 292(e)(2).
10. See Hallowell v. Commissioner,744 F.2d 406 (5th Cir. 1984), affg. per curiam a bench decision of this Court, where the United States received double the cost of its appeal and a $2,000 damage award; and Little v. Commissioner,741 F.2d 1379 (5th Cir. 1984), affg. without published opinion a decision of this Court, where again, on request of the United States, double costs and a $2,000 damage award was made. But see and compare, Knoblauch v. Commissioner,749 F.2d 200, 202-203 (5th Cir. 1984), affg. a decision of this Court. See also, with respect to rejection of the frivolous contentions raised by petitioner, Parker v. Commissioner,724 F.2d 469, 472 (5th Cir. 1984), affg. T.C. Memo. 1983-75; Landry v. Commissioner,726 F.2d 751 (5th Cir. 1984), affg. without published opinion an order and decision of this Court; Knighten v. Commissioner,702 F.2d 59, 61 (5th Cir. 1983), cert. denied 104 S.Ct. 249↩ (1983), affg. per curiam an order and decision of this Court. 11. Regrettably and as a result of our consideration of this case petitioners with worthwhile controversies have been delayed.↩
12. See Coulter v. Commissioner,85 T.C. 580 (1984); and Abrams v. Commissioner,82 T.C. 403 (1984). See also Bridickas v. Commissioner,T.C. Memo. 1985-47; Bomhardt v. Commissioner,T.C. Memo. 1984-628; Maxwell v. Commissioner,T.C. Memo. 1984-566; Paulson v. Commissioner,T.C. Memo. 1984-430; and Hinshaw v. Commissioner,T.C. Memo. 1984-250↩.