VERNON AND DORA PRAIRIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prairie v. Commissioner
Docket No. 38800-84.
United States Tax Court
T.C. Memo 1985-155; 1985 Tax Ct. Memo LEXIS 476; 49 T.C.M. (CCH) 1098; T.C.M. (RIA) 85155; April 1, 1985. Vernon and Dora Prairie, pro se. Gordon L. Gidlund and Phyllis W. Greenblum for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent's Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration and ruling thereon. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted, which was filed *477 pursuant to Rule 40 [2] on January 7, 1985. Respondent, in his notice of deficiency issued to petitioners on October 31, 1984, determined deficiencies in petitioners' Federal income tax and additions to the tax for taxable calendar years 1981 and 1982 in the following respective amounts: Additions to Tax, I.R.C. 1954 [3]
Years
Income Tax
Section 6653(a)
Section 6653(a)(2)
1981
$19,809.00
$990.00
50% of the interest
due on $19,809.00
1982
29,237.00
1,462.00
50% of the interest
due on $29,237.00
The adjustments to income as determined by respondent in his deficiency notice are: 1981
1982
Interest Income [4]
$28,846.00 $34,636.00 Farm Rental Income: Grain Sold In Minnesota
51,608.00 75,702.00 Grain Sold in Illinois
19,907.00 19,284.00 Agriculture Subsidy
Payment
654.00 706.00 Cash Rent
600.00 600.00 Farm Rental Expenses: Repairs-Illinois
(343.00)
Repairs-Minnesota
(794.00)
Fertilizer - Illinois
(5,574.00)
(9,142.00)
Fertilizer - Minnesota
(13,374.00)
(16,869.00)
Real Estate Tax-Illinois
(3,905.00)
(1.440.00)
Real Estate Tax-Minnesota
(9,551.00)
(9,344.00)
Insurance
(556.00)
(769.00)
Depreciation
(3,944.00)
(4,692.00)
Spray
(469.00)
Exemptions
(4,000.00)
(4,000.00)
$60,242.00 $83,535.00 *478 Petitioners' legal residence on the date they filed their timely petition was R.F.D. 3, Box 164, Marshall, Minnesota. They filed joint 1981 and 1982 Federal income tax returns with the Internal Revenue Service. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". [Emphasis added.] Petitioners timely filed a "petition" on November 13, 1984, in which they assert-- I Vernon Prairie am almost 80 and a invalid, my wife is over 70. We do not farm we live in the farm building. We have land we rent out. We share in the income and expenses. We do not do our taxes we send them in to the I.R.S. They figure *479 them for us. We go by what they say. We were told they have 60 days to bill us from the time we file. We put in all our income and not quite all our expenses. We enter $3,000 more interest then we have in case we should of missed some. We own 800 acres of land in Yellow Medicen County that was stolen from us in a bank robbery. We want to deed this land to you and the state of Minn to cover any taxes we may owe. I was told by a I.R.S. agent we could do this. My attorney Donal L. Maland of Montevideo has the papers and will draw the deeds as soon as requested. We note on the letter it states there is a deficiency up ward, but on the forms it does not state there is a deficiency. Once I sent you papers such as these and you could not prepare a case because the notice of deficiency was not complete. I have the papers to show we entered all our income. [Reproduced literally.] Respondent then filed the motion herein under consideration. On January 25, 1985 the Court served the following order on petitioners-- * * * For cause, it is ORDERED that petitioners shall on or before February 26, 1985, file with the Court a proper amended petition in which they set *480 forth with specificity each error they allege respondent has committed in the determination of the deficiency and a statement of the facts in support thereof. It is further ORDERED that respondent's motion to dismiss for failure to state a claim upon which relief can be granted is held in abeyance pending receipt of the above amended petition. An "amended petition" was "lodged" on February 1, 1985, which recites in pertinent part as follows: No notice of deficiency received. I bought 1,200 acres of land in the depression for about $50. a acre. It was all taken away from me by lawyers and a judge and my brother and sisters in 57 by a bank robbery. I appeared before a state judge, and he told me if I could produce the deeds I would be in the clear. I have the deeds now. I am almost 80 and a diabetic I can not go to st Paul. If you can have a small claims court handled it have it in Marshall, Minn. [Reproduced literally.] [5]
*481 After reviewing the "amended petition" the Court calendared respondent's motion for hearing at Washington, D.C. on March 6, 1985. While neither petitioner appeared when the case was called on March 6, they did file a statement under Rule 50(c). The matters contained in that statement are generally incomprehensible and bear no relevance to any of respondent's determinations. [6]
*482 In our view the "facts" recited in the "petition" and "amended petition" simply are not facts as mandated by our rules of practice but, rather, are mere conclusions. In short, no justiciable facts appear anywhere in this record respecting respondent's determinations for interest income, farm rental income, farm rental expenses, exemptions and the negligence additions to the tax. On the other hand, some of the statements appear to confirm some of respondent's determinations. On the precise matter we are called upon here to decide, the Court of Appeals for the Eighth Circuit has spoken more than once. In 1979 that Court said-- * * * Because (1) petitioner failed clearly and concisely to state the facts on which he bases the assigned error, (2) his statements were not of underlying specific facts but were instead mere conclusions * * * the Tax Court correctly held petitioner had failed to state a claim upon which relief could be granted. * * *." [See Nyhus v. Commissioner,594 F.2d 1213, 1215 (8th Cir. 1979), affg. per curiam an order of dismissal and decision of this Court.] Still later, on November 2, 1984, that Court stated-- * * * Here, *483 however, Scherping had a burden to plead sufficient facts to call into question the Commissioner's deficiency determination. His broad conclusory allegations did not satisfy that burden, for there are simply no facts pleaded to support the claims of error. The Tax Court was justified in dismissing his petition. [See Scherping v. Commissioner,747 F.2d 478, 480 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court.] Finally, on January 25, 1985 that Court concluded-- * * * Upon review of May's amended petition, we find no allegations of fact which could give rise to a valid claim; rather, the complaint merely contains conclusory assertions attacking the constitutionality of the Internal Revenue Code and its application to the taxpayer. Tax protest cases like this one raise no genuine controversy; the underlying legal issues have long been settled. See, e.g., Abrams, 82 T.C. at 406-07 (citing cases rejecting similar arguments). Because May's petition raised no justiciable claims, the Tax Court properly dismissed the petition for failure to state a claim. [May v. Commissioner,752 F.2d 1301, 1304 (8th Cir. 1985), *484 affg. an order of dismissal and decision of this Court.] [7]
On the record before us, we conclude that petitioners have failed to state a claim upon which relief can be granted. Therefore, we must and do grant respondent's motion. An appropriate order of dismissal and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(c) and (d)(4), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. The interest income was received by petitioners in 1981 and 1982 from five different banks. Respondent has attached a schedule to his deficiency notice naming each bank from which interest was received and the specific amount thereof.↩
5. That document will be filed as of February 1, 1985. See Derksen v. Commissioner, 84 T.C.     (filed on March 7, 1985, Slip. op. p. 5↩-6), where no responsive pleading was filed and where we considered a petition and an amended petition in granting a motion such as is now before the Court.
6. At different times petitioners transmitted a plethora of documents to the Court. Those documents were returned to petitioners by the Court as unresponsive and not material to the present proceedings. Notwithstanding, petitioners have resubmitted them to the Court. We have reviewed them and find that none of them, either in part or whole, constitute a proper amended pleading upon which a claim may be based. Nonetheless, we have received them as Court's Exhibit I in the event petitioners appeal this case. Petitioners are no strangers to this Court. They have been here before. In that case, which involved the taxable years 1966 and 1967, petitioners (for the third time) failed to appear for trial and their case was dismissed for lack of prosecution. Petitioners appealed and the Court of Appeals in affirming our decision had this to say in footnote 3 of their opinion-- 3. Appellant [Mr. Prairie] in letters to this Court makes numerous other claims which are completely unsupported, i.e., he alleges that he has a tax claim against the Government for $831,814 which was not invalidated by the Tax Court decision. We note too that various other claims were made in the Tax Court by letters and news clippings which were utterly devoid of support. These claims are frivolous and do not merit discussion here. [See Prairie v. Commissioner,469 F.2d 1085, 1086 n. 3 (8th Cir. 1972).] The foregoing language, by the same Court to which an appeal of this case lies, is equally applicable here where the record bears a remarkable likeness to Mr. Prairie's earlier case.↩
7. See also, Guidry v. Commissioner,729 F.2d 1457 (5th Cir. 1984), affg. without published opinion an order of dismissal and decision of this Court, and Wellman v. Commissioner,T.C. Memo. 1985-97↩.