811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred MITCHELL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1905.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before ENGEL and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the records and the briefs submitted by the parties, the panel agrees unanimously that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant seeks review of an order of the United States Tax Court which dismissed for failure to state a claim his petition for review of a notice of tax deficiency issued by appellee and assessed additional penalties against him pursuant to 26 U.S.C. Sec. 6673. In support of that action, the tax court determined that the petition for review did not comply with the requirement of Rule 34(a), Tax Court Rules of Practice, that such pleadings be made with specificity and that appellant's challenge to the deficiency was therefore frivolous and without merit. On appeal appellant maintains that the tax court erred in reaching those conclusions as: 1) the petition for review did not contain adequate detail to conform with Rule 34(a), Tax Court Rules of Practice, and that any requirement that he plead with greater specificity would violate his Fifth Amendment privilege against self-incrimination; 2) his right to due process was abridged through the imposition upon him of the burden of proving that appellee's notice of tax deficiency was incorrect; and 3) the assessment of additional damages under 26 U.S.C. Sec. 6673 was improper.
 
 
 3
 Examination of the record indicates that each of appellant's allegations of error are without merit. First, appellant's petition for review on its face does not comply with Rule 34(a), Tax Court Rules of Practice, as it contains only conclusory statements that appellee incorrectly calculated the amount of his tax deficiency and makes reference to no specific facts capable of supporting such allegations. Scherping v. Commissioner, 747 F.2d 478 (8th Cir.1984). Appellant's reliance upon his Fifth Amendment privilege to avoid compliance with that rule is likewise misplaced. Brennan v. Commissioner, 752 F.2d 187 (6th Cir.1984). Furthermore, the imposition upon appellant of the burden of proving that appellee's determination of tax deficiency was somehow in error is not violative of his due process rights, Rockwell v. Commissioner, 512 F.2d 882 (9th Cir.), cert. denied, 423 U.S. 1015 (1975), and, given the nature of appellant's arguments before the tax court, this panel can detect no error in the determination that additional damages were warranted pursuant to 26 U.S.C. Sec. 6673.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the tax court entered August 9, 1985, be and hereby is affirmed.