ROBERT P. WILCOX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilcox v. Commissioner
Docket No. 38026-84.
United States Tax Court
T.C. Memo 1987-225; 1987 Tax Ct. Memo LEXIS 229; 53 T.C.M. (CCH) 741; T.C.M. (RIA) 87225; May 4, 1987. Robert P. Wilcox, pro se. M. Maggie Anewalt, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: This case is before us on respondent's "Motion for Judgment on the Pleadings". The Commissioner had determined a deficiency and additions to tax for the calendar year 1981 against petitioner as follows: Additions to Tax, IRC 1954, Sections
Year
Deficiency
6651(a)
6654(a)
6653(a)(1)
6653(a)(2)
1981
$8,829.00
$2,097.75
$635.03
$441.45
50 percent
of the interest
due on $8,829.00
*230 The deficiency was based upon "total unreported income" of $33,246. There was no indication in the notice of deficiency that petitioner had reported any income at all in any return filed by him, and the deficiency was computed on the basis of total income of $33,246. The petition set forth the following claimed errors and purported facts relied upon by petitioner in support of the allegations of error: 5. The determination of tax allegedly owed by Petitioner is based on the following errors of Crimen Falsi action, for the following reasons: A. The Respondent has totally erred in its determination of 'income' when no definition of 'income' appears in the Internal Revenue Code. No basis exists for this improper determination of 'income' by the Respondent. B. The Respondent has added penalties for Petitioner not filing a return (1040) when in fact there is NO SECTION of the Internal Revenue Code that 'REQUIRES' anyone to file. C. The filing of an 'income' tax return is 'VOLUNTARY' and penalties can not be instituted against a voluntary act since to do so would then make the act 'mandatory'. D. The Respondent is in violation of the Privacy Act of 1974. Specifically *231 in this case the omission of the information as to whether the filing of a return is 'mandatory or voluntary'. Any act of fraud vitiates the obligations that one may or may not have to comply with any act. E. The Commissioner has not shown the liability on the part of Petitioner pursuant to 26 USC § 6011. F. The Secretary has not ever assessed a tax on Petitioner pursuant to 26 USC § 6020. G. Petitioner has received nothing during the period in question of a known tangible value that qualified as income and enjoys no grant of privilege or franchise. H. The Petitioner did not volunteer to self-assess himself for this period. As such, this Notice of Deficiency appears to be a Crimen Falsi action of the Commissioner. I. The Petitioner is also entitled to a refund of any amount of monies that were fraudulently taken from him during the years in question. The total disregard of the law and the misstatement of the law by the Respondent meets every definition of FRAUD and fraud vitiates the obligations that one may or may not have to comply with any act. 5.(Sic) The facts upon which Petitioner relies are as follows: *232 A. Petitioner has no responsibility to file a return under the Internal Revenue Code. This is supported by 26 USC § 6011 and 6012 and § 6020 and the lack of any showing by the Commissioner. B. The definition of 'income' has been well-established by the United States Supreme Court to mean either 'gain' or 'profit' or both. Petitioner was not in receipt of either in any taxable amount. C. The entire Internal Revenue Code. D. The Respondent and his agents are now, and were then, aware that Petitioner was not 'required' to file a return or pay a tax and issued this Notice of Deficiency with the willful and deliberate intent to deceive and coerce Petitioner into paying a tax that is not due and owing. Respondent's answer denied all of the foregoing allegations, and respondent thereafter filed the motion for judgment on the pleadings. We then issued an order requiring petitioner to "file a proper amended petition" setting forth (1) "clear and concise assignments of each and every error * * *", and (2) "the facts on which he bases the assignments of error". Petitioner has not filed any amended petition as ordered, but has instead submitted a *233 "Brief in Response to Court's Order". The brief regurgitates many of the now familiar tax protester arguments that have repeatedly been held to be utterly without merit and frivolous. No useful purpose would be served by any scholarly discussion of petitioner's arguments, and they do not deserve any further consideration. Cf. McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The Motion for Judgment on the Pleadings will be granted. Cf. Scherping v. Commissioner,747 F.2d 478 (8th Cir. 1984); Nyhus v. Commissioner,594 F.2d 1213 (8th Cir. 1979). At the time of filing his motion for judgment on the pleadings, respondent also filed a "Motion for Assessment of Damages under I.R.C. section 6673". We held that motion in abeyance pending disposition of the motion for judgment on the pleadings. We are satisfied that the frivolous character of the petition fully justifies the awarding of damages under section 6673, and we hereby award $2,000 damages to the United States in accord with section 6673. The motion for judgment on the pleadings as well *234 as the motion for assessment of damages under section 6673 will be granted as set forth above.