MICHAEL L. RINTOUL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rintoul v. Commissioner
Docket No. 28664-90
United States Tax Court
T.C. Memo 1992-79; 1992 Tax Ct. Memo LEXIS 84; 63 T.C.M. (CCH) 2024; T.C.M. (RIA) 92079; February 10, 1992, Filed *84 An order and decision will be entered for respondent. Michael L. Rintoul, pro se. Brenda M. Fitzgerald, for respondent. DAWSON, CANTRELL DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Before the Court for disposition are respondent's Motion to Dismiss for Failure to State a Claim For Relief and For Damages Under Section 6673 and petitioner's Motion to Dismiss. Respondent determined deficiencies in petitioner's Federal income taxes and additions to the tax as follows: Additions to Tax
Sec.6653(a)(1)
Sec.6653(a)(2)
or
or
Year
Deficiency
Sec.6651(a)(1)
Sec.6653(a)(1)(A)
Sec.6653(a)(1)(B)
1985
$ 4,984.00
$ 1,040.00
$ 249.00
50% of the
interest due
on $ 4,159.00
1986
9,298.00
2,325.00
465.00
50% of the
interest due
on $ 9,298.00
1987
7,386.00
1,797.00 369.00 50% of the
interest due
on $ 7,188.00
1988
7,047.00
1,644.00
352.00
NA
*85 Year
Sec. 6654(a)
1985
$ 227.00
1986
449.00
1987
394.00
1988
438.00
The adjustments to income determined by respondent in his deficiency notices are: 1985
1986
1987
1988
W-2 Wages
$ 24,525 $ 33,748 $ 34,748 $ 36,500 Interest Income
33 Exemption
(1,040)
(1,080)
(1,900)
(1,950)
Unemployment
Compensation
2,376 Standard
Deduction
(1,880)
(2,500)
$ 23,518 $ 35,044 $ 30,968 $ 32,050 Petitioner resided at 30201 Carmel Road, Rainier, Oregon, when he filed his petition in this case. He did not file Federal income tax returns with the Internal Revenue Service for the years in issue. During the years 1985 through 1988, he earned his living as a construction worker and computer specialist. Respondent's determinations of the wages received by petitioner were based upon information shown on W-2 Forms (Wage and Tax Statements) supplied to the Internal Revenue Service by petitioner's various employers. His determinations for interest and unemployment compensation received by petitioner were predicated on information provided to the Internal Revenue Service by the payors. Rule 34(b) provides in pertinent part that the petition *86 in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" [2] and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". The petition raises no justiciable error or facts respecting any of respondent's determinations. The pleadings and other papers filed by petitioner in this proceeding assert nothing but frivolous and groundless claims, all of which have been summarily rejected by this Court and others on innumerable occasions. We respond to those frivolous and groundless claims below. Section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States. In the case herein, respondent issued valid notices of deficiency, petitioner filed *87 a timely petition, and this Court has jurisdiction. Secs. 6212, 6213, and 6214. Further, "no particular form is required for a valid notice of deficiency and the Commissioner need not explain how the deficiencies were determined." Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987), revg. on other grounds 81 T. C. 855 (1983). [3] (Citations omitted.)
The determinations made by respondent in his notices of deficiency are presumed correct. The burden of proof is on petitioner to show that those determinations are incorrect, and the imposition of the burden of proof is constitutional. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir. 1975), affg. T.C. Memo. 1972-133; Abrams v. Commissioner, 82 T.C. 403, 405-406 (1984). This Court *88 generally, as is the case here, will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The Federal income tax laws are constitutional. Since the ratification of the 16th Amendment to the Constitution, it is immaterial with respect to income taxes whether the tax is a direct or indirect tax. "The whole purpose of the Amendment was to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 18 (1916). Gross income means all income from whatever source derived, (including but not limited to) compensation for services (wages), interest, and unemployment compensation. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T. C. Memo. 1987-225. It includes income realized in any form, whether in money, property or services. Secs. 61 and 85. Income as defined under the 16th *89 Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. Macomber, 252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). See United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980); Abrams v. Commissioner, supra at 406-408. Despite petitioner's protestations to the contrary, section 554(a)(1) of the Administrative Procedure Act (APA) provides that the APA does not apply to matters "subject to a subsequent trial of the law and the facts de novo in a court". 5 U.S.C. sec. 554(a)(1) (1966). Since the Tax Court reviews de novo the Commissioner's determination of a deficiency, the APA is not applicable to such proceedings. Clapp v. Commissioner, 875 F.2d 1396, 1403 (9th Cir. 1989), affg. an unreported opinion of this Court. The Chief Judge of the United States Tax Court, in his discretion, has the authority to appoint special trial judges to preside over any proceeding. Sec. 7443A(b)(4); Freytag v. Commissioner, 501 U.S.    , 111 S. Ct. 2631 (1991). *90 Although petitioner is representing himself in this proceeding, he is expected to abide by the Rules of the Tax Court, the forum in which he filed his petition. Carter v. Commissioner, 784 F.2d 1006, 1008-1009 (9th Cir. 1986), affg. and dismissing an unreported opinion of this Court. On this record, we agree with respondent that no justiciable error or facts are set forth in the petition with respect to any of respondent's determinations and, therefore, this case should be dismissed for failure to state a claim upon which relief can be granted. Rule 40. See Scherping v. Commissioner, 747 F.2d 478, 480 (8th Cir. 1984), affg. per curiam an unreported opinion of this Court. Accordingly, respondent's motion will be granted. After reviewing petitioner's motion to dismiss, we find it to be wholly without merit and, consequently, it will be denied. We next consider respondent's motion for a penalty. Section 6673(a)(1) provides: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or *91 groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. [4] A petition to the Tax Court (such as the one filed herein) is
frivolous if it is contrary to established law and unsupported by a reasoned and colorable argument for a change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an unreported opinion of this Court. We hold that petitioner has instituted and maintained this proceeding primarily for delay and that his position is frivolous and groundless. Therefore, in our discretion, we will require petitioner to pay a $ 5,000 penalty to the United States under section 6673. An order and decision *92 will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Further, Rule 34(b)(4) provides in part: "Any issue not raised in the assignment of errors shall be deemed to be conceded."↩
3. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit.↩
4. The amount of the penalty was increased from $ 5,000 to $ 25,000 by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, applicable to positions taken after December 31, 1989, in proceedings pending or commenced after such date.↩