T.C. Memo. 1995-471


UNITED STATES TAX COURT


ROB R. OLSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8708-95.                   Filed October 3, 1995.


Rob R. Olsen, pro se.

<u>Grace K. Matuszeski</u> and <u>Richard A. Rappazzo</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
                                        (continued...)

and adopts the Opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40.

Petitioner resided in Phoenix, Arizona, at the time the petition was filed in this case.

Respondent's Notices of Deficiency

By notices dated February 21, 1995, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1987 through 1992 as follows:

| | | Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6654(a) |
| 1987 | $5,294 | $1,324 | --- | $265 | [1] | $285 |
| 1988 | 9,967 | 2,440 | $498 | --- | --- | 623 |
| 1989 | 17,260 | 4,315 | --- | --- | --- | 1,164 |
| 1990 | 11,137 | 2,778 | --- | --- | --- | 730 |
| 1991 | 16,141 | 4,035 | --- | --- | --- | 929 |
| 1992 | 25,808 | 6,452 | --- | --- | --- | 1,125 |

[1] 50 percent of the interest due on the underpayment of $5,294.

The deficiencies in income taxes are based on respondent's determination that petitioner, who operated a pool service business known as R & O Pool Service, failed to report on income tax returns for the taxable years in issue net income from self-employment, as reconstructed by respondent, as well as wages and interest, as follows:

---

[1](...continued) issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Net income from self-employment | Wages | Interest |
|------|-------------------------------|-------|----------|
| 1987 | $21,828 | | |
| 1988 | 32,277 | [1]$1,530 | |
| 1989 | 56,581 | | |
| 1990 | 37,609 | [2]375 | [3]$61 |
| 1991 | 50,669 | | |
| 1992 | 78,645 | | |

[1] paid by Swimmin' Time, Inc.
[2] paid by Dennis G. Hann
[3] paid by Arizona Central Credit Union

The deficiencies in income taxes include self-employment taxes under section 1401.

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file income tax returns for the years in issue was not due to reasonable cause. The additions to tax under section 6653(a)(1)(A) and (B) for 1987 and the addition to tax under section 6653(a)(1) for 1988 are based on respondent's determination that the underpayment for each of those years is due to negligence or intentional disregard of rules or regulations. Finally, the additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay sufficient estimated income taxes for 1988 and 1990 and failed to pay any estimated income taxes for the remaining years in issue.

Petitioner's Petition

Petitioner filed a petition for redetermination on May 25, 1995. The petition contained no assignments of error or allegations of fact. The only statement in the petition that is directed at respondent's deficiency determination reads as follows: "Notice of Deficiency is without merit as it is based on Fraudulent IRS Individual Master File kept on the petitioner by the IRS".

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, on July 13, 1995, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Shortly thereafter, on July 18, 1995, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based.

On August 8, 1995, petitioner filed: (1) An objection to respondent's motion, (2) a Rule 50(c) statement, and (3) an amended petition. Unlike the petition, the amended petition is not terse. It consists of 7 typewritten pages and includes the following statements:

> Therefore Petitioner believing he is a non-taxpayer and not required to file, further shows that even if he were compelled by law to report, he is not mandated to assess, hence all of the court's rulings on the voluntary assessment aspect of the tax system, and without the voluntary assessment and material facts the government prepared bookkeeping 'dummy/substitute' forms/returns are without a basis in law or fact upon which to rely for the authority to examine or audit. The bookkeeping returns prepared by the Respondent are Forms 1040. Any issue alleged for failure to report or file is an issue not justiciable in this court, for this court has only been mandated to determine the alleged civil liability, if there is one, after it has exercised its review of the procedures used by Respondent in the determinations made.

>     *   *   *   *   *   *   *

> Petitioner states that the Form 1040 has not been authorized by the Office of Management and Budget for the collection of information/return for the Individual Income Tax found in Title 26 United States Code §1, which is a direct tax.

>     *   *   *   *   *   *   *

> Petitioner states that he is not identified in the Internal Revenue Code by person, class of persons, and/or activity as a taxpayer

(as defined in the internal revenue code) and therefore Petitioner is not subject to an internal revenue tax.

Petitioner has never been afforded a hearing to determine if he is a "taxpayer" as defined within the definition of the internal revenue code. Since non-taxpayers are not within the purview of the code they are not subject to any internal revenue tax. Therefore the above determinations are in error.

Since I am not a taxpayer, and the respondent has not made such an assertion nor is there any evidence before this Court that I am engaged in any revenue taxable activity, happening or event, the notice of deficiency constitutes a "counterfeit security" and its signer is subject to punishment under Title 18 United States Code Section 552 as a felony. Since this counterfeit security was sent through the mail the sender has committed mail fraud. Since this counterfeit security says that I am liable for a tax without stating how I became liable it constitutes the making of a false statement on a government form in violation of 26 USC Section 7214(7).

Petitioner attached to the amended petition a number of documents, including some 18 pages of OMB-related documents pertaining to Form 1040 and its various schedules. Petitioner also attached to the amended petition an "Affidavit in Commerce of Rob R. Olsen". This document provides in part as follows:

I was not afforded a judicial hearing of any kind before the appellation of "taxpayer" was bestowed upon me.

To my best knowledge and belief the notice of deficiency served on me is a counterfeit security.

This affidavit in commerce stands as prima facie evidence unless rebutted point by point by the respondent.

I, Rob R. Olsen, have personally researched the Notice of Office of Management and Budget Action * * * with its attached request for OMB Review * * * and its attached Form SF-83 Supporting Statement for Form 1040 for 1993 * * * and it is upon this government Form, the 26 Code of Federal Regulations part 602 and the CFR Index and finding aids that I rebut and refute all presentments made or alleged to have been made to or for me, by the Respondent attempting to make me a taxpayer.

Petitioner's objection and Rule 50(c) statement rely on and incorporate petitioner's "Affidavit in Commerce"; the objection and statement also advance additional arguments equally devoid of merit.

Respondent's motion to dismiss was called for hearing in Washington, D.C., on August 16, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Petitioner did not appear at the hearing; however, as previously indicated, he did file a Rule 50(c) statement.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of

fact in support of any justiciable claim. Rather, there is nothing other than a terse statement of tax protester rhetoric. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated July 18, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to respond properly to the Court's order. Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric, expanding upon the gibberish in his petition. See Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496.

We see no need to painstakingly address petitioner's arguments. The short answer to them is that petitioner is not exempt from Federal income tax or from the imposition of appropriate additions to tax. See Abrams v. Commissioner, supra at 406-407. Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Because neither the petition nor the amended petition states a claim upon which relief can be granted, we will grant respondent's motion to dismiss for failure to state a claim. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984); see also Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

We turn now on our own motion, to the award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition and the amended petition, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $2,000. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411.

To reflect the foregoing,

<u>An order of dismissal and decision will be entered</u>.