EDNA MACARAIG PLATON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Platon v. Commissioner
Docket No. 15113-93
United States Tax Court
T.C. Memo 1994-172; 1994 Tax Ct. Memo LEXIS 174; 67 T.C.M. (CCH) 2712; April 19, 1994, Filed *174 As appropriate order of dismissal and decision will be entered. Edna Macaraig Platon, pro se. For respondent: Alan S. Beinhorn. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter was heard by Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Failure to State a Claim for Relief and for Damages Under I.R.C. Section 6673, filed on August 27, 1993, and petitioner's motion to dismiss filed December 6, 1993. After the filing of respondent's motions, the Court, by Order dated August 30, 1993: (1) Directed petitioner to file, on or before October 1, 1993, an Amended Petition which *175 complies with our Rules; and (2) calendared respondent's motion for hearing at the San Francisco trial session beginning December 6, 1993. Petitioner has not filed an Amended Petition; instead, she sent to the Court a document entitled "Affidavit in Truth to Petitioner's Motion to Dismiss for Petitioner's Error". This document was received on September 30, 1993, and was intended as a response to the Court's August 30, 1993, Order. The case was called from the calendar in San Francisco on December 6, 1993. Petitioner and counsel for respondent appeared and were heard. Petitioner's document received on September 30, 1993, was filed as a motion to dismiss at the hearing. By notice of deficiency, dated April 22, 1993, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1990
$ 18,418
$ 4,605
$ 1,210
1991
4,634
1,159
263
In the notice of deficiency, respondent determined that petitioner, a self-employed individual domiciled in California, failed to file Federal income tax returns for 1990 and 1991, and did not report income received from the *176 sources listed below in the following amounts for those years: Taxable Years Source
1990
1991
Dividends:
Templeton Foreign Fund
$  2
-0-
Dean Witter Reynolds Inc.
3
$ 1 Total
5
1 Interest:
Bay View Federal Bank
$  12
-0-
Patelco Credit Union
59
-0-
Surety Federal Bank
-0-
$ 130
Total
71
130
Insurance Sales:
Mapleleaf Insurance Service
(Form 1099-MISC)
$ 55,912
-0-
Investors Life of Nebraska
(Form 1099-MISC)
-0-
$ 1,779
Mid-Continent Life
(Form 1099-MISC)
-0-
3,518
Massachusetts Indemnity
(Form 1099-MISC)
-0-
12,085
Massachusetts General Life
(Form 1099-MISC)
-0-
1,857
Total
55,912
19,239
Capital Gains
-0-
$ 290.00
In computing the deficiency for each taxable year, respondent subtracted from total income the applicable amounts for the self-employment tax deduction, a personal exemption, and the standard deduction. The total tax deficiency for 1990 of $ 18,418 comprises the following amounts: (1) $ 10,569 -- income tax, and (2) $ 7,849 -- self-employment tax. The total tax deficiency for 1991 of $ 4,634 comprises $ 1,916 -- income tax, and $ 2,718 -- self-employment tax. Respondent further determined that petitioner *177 is liable for additions to tax under sections 6651(a)(1) and 6654(a) for each taxable year. In her petition filed July 14, 1993, petitioner claimed that the notice of deficiency is invalid because: 1) The IRS either fraudulently or erroneously based the numerous determinations on activities of which I am not involved in. 2) The notice of deficiency is insufficient because it does not describe the true nature of the tax. 3) Petitioner had no taxable income for the years 1990, 1991!
Petitioner signed the petition and stated her address as "c/o location Box 605, Benicia, California 94510-9999, 'Without U.S.'". Thereafter, respondent filed the present motion on the grounds that the petition fails to comply with the requirements of Rule 34(b)(4) and (5) since it fails to allege any justiciable error with respect to respondent's determinations and fails to allege any facts in support of the alleged errors. Respondent asks the Court to grant the motion, to enter a decision in favor of respondent, and to require petitioner to pay a penalty to the United States. Petitioner has failed to file an Amended Petition as directed in our Order dated August 30, 1993. Instead, petitioner *178 filed her motion to dismiss. We now will decide the merits of petitioner's and respondent's pending motions and petitioner's contentions made at the hearing, first addressing petitioner's position. Petitioner, in her motion, seeks to have the Court dismiss her case "without punishing" her. Petitioner alleges that (1) she "has a good faith belief in her position"; (2) she "did not institute these proceedings for purpose of delay"; and (3) she is "just standing up for what I believe in." At the hearing in San Francisco, petitioner contended, on the record, that respondent has no authority to prepare substitute income taxes for her, and persons who filed information returns with respondent violated her rights under the Privacy Act. Petitioner's Motion To Dismiss
With regard to petitioner's motion, it suffices to say that petitioner chose this forum in which to litigate her tax dispute. We acquired jurisdiction in this case after a valid notice of deficiency was sent to petitioner, and she in turn filed a timely petition. Secs. 6212(a) and (b) and 6213(a). Once our jurisdiction is invoked, it remains unimpaired until we decide the controversy. Dorl v. Commissioner, 57 T.C. 720, 722 (1972), *179 affd. per curiam 507 F.2d 406 (2d Cir. 1974). There is no procedure by which a petitioner may unilaterally terminate proceedings instituted in this Court once we acquire jurisdiction. Therefore, petitioner's motion will be denied. We will now address petitioner's two contentions made at the hearing. We do so without the slightest suggestion that they have any merit. Preparation Of Substitute Returns
Petitioner claims that respondent has no authority to prepare substitute returns for her. When a person fails to make any return required by any internal revenue law or regulation at the prescribed time, the district director or other authorized internal revenue employee shall make such return from such information as he can obtain. Further, such return so made shall be prima facie good and sufficient for all legal purposes. Sec. 6020(b)(1) and (2); sec. 301.6020-1(b), Proced. & Admin. Regs. Moreover, the Commissioner is not required to prepare returns in order to determine tax deficiencies against taxpayers who have not filed returns. See Laing v. United States, 423 U.S. 161, 174 (1976); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988); *180 Hartman v. Commissioner, 65 T.C. 542, 545-546 (1975). Petitioner is indeed "a person" who is required to make and file a Federal income tax return. Section 7701(a)(14) defines the term "taxpayer" as "any person subject to any internal revenue tax." Section 61(a) defines gross income as "all income from whatever source derived," including, but not limited to, compensation for services, commissions, interest, dividends, and pensions. Sec. 61(a)(1),(4),(7), (11). Section 63 defines and explains how to compute "taxable income". Section 1 then imposes a tax based upon taxable income. An income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner's gross income in each year exceeds the minimum amount. In short, petitioner is a taxpayer subject to the internal revenue tax laws. Information Returns And The Privacy Act
Section 6041(a) provides that all persons engaged in a trade or business must file information returns for the calendar year for payments of $ 600 or more made during such year to another person of wages, salaries, compensations, *181 fixed or determinable gains, etc., under such regulations as may be prescribed by the Secretary of the Treasury. The information return is required to state the amount of the income and the name and address of the recipient. Furthermore, section 6041(d) requires that persons required to make information returns furnish to each person, with respect to whom such return is required, a statement showing the name and address of the person required to make such return and the aggregate amount of payments to the person to be shown on the return. For example, wages paid to an employee and all other payments of compensation are required to be reported on Form W-2; nonemployees' income, wages, and commissions are required to be reported on Form 1099. Likewise, interest, rents, royalties, annuities, pensions, and other income are required to be reported on Form 1099. Sec. 1.6041-1(a)(2), Income Tax Regs.
Section 6042(a) provides that every person who makes payments of dividends of $ 10 or more to any other person must report the payment. Such report must be made on a Form 1099. Sec. 1.6042-2, Income Tax Regs.Section 6045(a) provides that brokers must report the name and address of *182 each customer with details regarding gross proceeds of sales of stocks, commodities, etc. Such gross sales must be reported on Form 1099. Sec. 1.6045-1(a)(2), Income Tax Regs.Sections 6041, 6042, and 6045 were enacted in order to enable the Internal Revenue Service to ascertain whether a taxpayer has reported his or her true income from all sources. Petitioner contends that the reporting sections are a violation of the Privacy Act of 1974, 5 U.S.C. sec. 552a(b) (1988), because she did not consent to persons, making payments to her, reporting such payments to the Internal Revenue Service. The Privacy Act of 1974 prohibits disclosure by Government agencies of information about individuals contained in the agencies' records, except insofar as those disclosures fall within one or more of the exemptions, not relevant here, provided by law. The Privacy Act has no application under the circumstances here. There has been no disclosure by the Internal Revenue Service to any third parties. Persons making payments to petitioner during the years in issue were required by law to report such payments to respondent on information returns. This enabled *183 respondent to determine petitioner's correct income for these years because she failed to file income tax returns reporting such income. Respondent's Motion To Dismiss
Rule 40 provides that the Commissioner may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim when it appears beyond doubt that a taxpayer can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Our Rules require that the petition contain clear and concise assignments of each error which the taxpayers allege to have been made by the Commissioner and clear and concise statements of fact on which the taxpayers base their assignments of error. Rules 34(b)(4) and (5); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Merely denying the Commissioner's determination, without more, does not adequately raise a factual issue under our Rules. Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). *184 Furthermore, the determinations made by the Commissioner in the notice of deficiency are presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra; Gordon v. Commissioner, 73 T.C. 736, 739 (1980). The Petition in this case fails to meet the requirements of Rules 34(b)(4) and (5). Further, petitioner has not filed a proper Amended Petition as directed in our August 30, 1993, Order. At the hearing, she offered no cogent reason why we should not grant respondent's motion. Because petitioner has not raised any justiciable facts or issues in her Petition, we will grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). Award of Penalty
The final matter we consider is whether we should award a penalty to the United States under section 6673. Section 6673(a)(1) *185 provides: SEC. 6673(a) Tax court proceedings. (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiency or the additions to tax determined by respondent. Furthermore, it is clear that petitioner instituted this action to delay the assessment and collection of Federal income tax rightfully due. She has raised only frivolous arguments which can be characterized as tax protester rhetoric. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Based upon the established law, petitioner's position is frivolous and groundless. Petitioners with *186 genuine controversies were delayed while we considered this case. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩