NOEL D. AND JOYCE A. MCNEEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McNeel v. Commissioner
Docket No. 23741-94
United States Tax Court
T.C. Memo 1995-211; 1995 Tax Ct. Memo LEXIS 212; 69 T.C.M. (CCH) 2610; May 17, 1995, Filed *212 An order of dismissal and decision will be entered for respondent. For respondent: Richard S. Goldstein and J. Robert Cuatto. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case is before the Court on the following: (1) Respondent's Motion To Dismiss For Failure To State A Claim, filed pursuant to Rule 40, [1] and (2) respondent's Motion for Sanctions Pursuant to I.R.C. § 6673. Petitioners resided in Maricopa County, Arizona, at the time their petition was filed with the Court. Respondent's Notices of Deficiency
By separate notices, each dated September 22, 1994, respondent determined deficiencies in, and additions to, petitioners' Federal income taxes for the taxable year 1992 as follows: Noel D. McNeel
Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1992
$ 1,481
$ 262
$ 44
Joyce A. McNeel
Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1992
$ 1,481
$ 262
$ 44
*213 The deficiencies in income tax were based on respondent's determination that petitioners together received compensation during 1992 in the total amount of $ 30,310, no part of which was reported on any income tax return for that year. Pursuant to the community property laws of the State of Arizona, respondent further determined that one-half of petitioners' total compensation, or $ 15,155, was taxable to each petitioner. The additions to tax under section 6651(a)(1) were based on respondent's determination that petitioners' failure to file any income tax return for 1992 was not due to reasonable cause. Finally, the additions to tax under section 6654 were based on respondent's determination that petitioners failed to pay the requisite estimated income tax for 1992. Petitioners' Petition
Petitioners filed a joint petition for redetermination on December 23, 1994. The petition includes an allegation that petitioners have a fair market value basis in their labor as a "day to day gift from their Creator". In conjunction with the foregoing, the petition includes the following statements: During the year 1992 neither Petitioner was an employee of the companies they worked *214 for nor were they engaged in employment nor did they provide no services [sic] the companies they worked for. They merely sold their labor under contract. During the year 1992, neither of the Petitioners were otherwise engaged in any profession, trade, employment or vocation or any business upon which an income tax can be imposed. Petitioner Noel D. McNeel is a Man created by God Almighty. Petitioner Joyce A. McNeel is a Woman created by God Almighty. Their Life is given to them each day as an endowment (gift) from God. The labor of both Petitioners' labor is their property. As a part of their Life they receive their labor as a day to day gift from their Creator. The gift of Petitioners' labor is a gift for income tax purposes. The property was received by the Petitioners after December 31, 1920. The Petitioners' Creator is the original owner of this property and the Petitioners' Creator did not receive the property as a gift before giving it to the Petitioners. * * * * During the years 1952 through 1981, Petitioner Gerald J. Landsberger [sic] sold his labor to Burlington Northern Railroad. In addition to the direct payment he received for the sale *215 of that labor he agreed, as a part of his contract, to defer payment of additional amounts. In addition to having a basis (cost) equal to the amount received in direct payment for the labor, the Petitioner had the additional basis (cost) in the labor sold equal to the deferred amount. During the year 1992, Petitioner Noel D. McNeel sold his labor under contract to various construction companies and Joyce A. McNeel sold her labor under contract to Luby's Cafeterias, Inc. The petitioners received a combined total of $ 30,310.00 for the sale of that labor. Petitioners had a basis (cost) of at least $ 30,310.00 in the labor they sold during the year 1992. The money the Petitioners received during the year 1992 was not "wages" (remuneration for services) or compensation for services.
In their prayer for relief, petitioners "request and lawfully demand" that the Court declare, inter alia, that "Petitioners are non-resident aliens under the internal revenue laws" or in the alternative, that "the income, if there be any, was from a foreign estate or trust within the State of Arizona and without the United States." Respondent's Rule 40 Motion and Subsequent Developments
*216 As indicated, on February 15, 1995, respondent filed her Motion To Dismiss For Failure To State A Claim and her Motion for Sanctions Pursuant to I.R.C. § 6673. Shortly thereafter, on February 17, 1995, the Court issued and served an order calendaring respondent's motions for hearing and also directing petitioners to file a proper amended petition in accordance with the requirements of Rule 34. Specifically, the Court directed petitioners to file by March 22, 1995, an amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. Petitioners failed to respond to the Court's order and have never filed an amended petition. A hearing was held in this case in Washington, D.C., on March 22, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motions. Petitioners did not appear at the hearing, nor did they file a statement with the Court pursuant to Rule 50(c). [2]
*217 Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b). In general, the determinations made by the Commissioner in a notice of deficiency *218 are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric, as demonstrated by the passages from the petition that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Further, petitioners did not file a proper amended petition as directed by the Court in its Order dated February 17, 1995. *219 We see no need to catalog petitioners' contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 391 (7th Cir. 1994). Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that both this and other Federal courts have consistently and uniformly held for many years that wages are income and that a taxpayer has no basis in his or her labor. E.g., Beard v. Commissioner, 793 F.2d 139 (6th Cir. 1986), affg. 82 T.C. 766 (1984); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984); *220 United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable."); United States v. Buras, 633 F.2d 1356 (9th Cir. 1980); Abrams v. Commissioner, supra at 407; Rowlee v. Commissioner, supra at 1119-1122; Reiff v. Commissioner, 77 T.C. 1169, 1173 (1981); Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Fischer v. Commissioner, T.C. Memo. 1994-586; Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994); Fox v. Commissioner, T.C. Memo. 1993-277; Williams v. Commissioner, T.C. Memo. 1988-368; Hebrank v. Commissioner, T.C. Memo. 1982-496. *221 See sec. 61(a)(1). Because the petition fails to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). We turn now to respondent's Motion for Sanctions Pursuant to I.R.C. § 6673. As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the notices of deficiency. Rather, the record demonstrates that petitioners regard this case as a vehicle to protest the tax laws of this country and espouse their own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). *222 Petitioners' position, as set forth in the petition consists solely of stale and time-worn tax protester rhetoric. Based on well-established law, petitioners' position is frivolous and groundless. We are also convinced that petitioners instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. Petitioners are no strangers to this Court. In December 1993 they filed a petition at docket No. 25907-93. That case involved deficiencies in income taxes and additions to tax under sections 6651(a)(1) and 6654(a) for the taxable years 1986 through 1991. In March 1994, respondent filed a motion to dismiss for failure to state a claim. A hearing was held in Phoenix, Arizona, and on June 2, 1994, the Court rendered a Oral Opinion granting respondent's motion to dismiss, as well as respondent's oral motion for a penalty under section 6673. In its Oral Opinion, the Court specifically addressed, and rejected, petitioners' contention that they had a cost basis in their labor equal to the amount of wages received. *223 In addition, petitioners were expressly told that they are not exempt from Federal income tax. The fact that petitioners have chosen to appeal the Court's Order and Decision at docket No. 25907-93 in no way militates against imposing a penalty under section 6673 against petitioners. As stated above, the contention that wages do not constitute income has been consistently and uniformly rejected, for many years, by both this and other Federal courts. In view of the foregoing, we shall exercise our discretion under section 6673(a)(1), grant respondent's motion for sanctions, and require each petitioner to pay a penalty to the United States in the amount of $ 1,500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984). To reflect the foregoing, An order of dismissal and decision will be entered for respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable year in issue.↩
2. In its order calendaring respondent's motions for hearing, the Court reminded petitioners of the applicability of Rule 50(c).↩