T.C. Memo. 1996-164

UNITED STATES TAX COURT

STEVEN MATTHEW LANGLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27042-95.                    Filed April 1, 1996.

Steven Matthew Langley, pro se.

Lynne Camillo and Lynda B. Taylor, for respondent.

MEMORANDUM OPINION

DAWSON, Judge: This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on (1) Respondent's Motion To Dismiss For Failure To State A Claim And To Impose A Penalty Under I.R.C. § 6673, filed pursuant to Rule 40, and (2) Petitioner's Motion For Dismissal For Lack Of Jurisdiction.

Petitioner resided in Phoenix, Arizona, at the time that his petition was filed with the Court.

Respondent's Notices of Deficiency

By statutory notices dated October 5, 1995, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:

|  |  | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1987 | $262 | $100 | --- |
| 1989 | 3,760 | 940 | $254 |
| 1990 | 9,601 | 2,400 | 633 |
| 1991 | 763 | 116 | --- |

The deficiencies in income taxes are based on respondent's determination that during the taxable years in issue, petitioner received the following amounts of unreported income:

| Income | 1987 | 1989 | 1990 | 1991 |
| Wages | --- | --- | --- | $5,115 |
| Schedule C | $2,130 | $16,125 | $33,873 | 2,944 |
| Interest | 996 | 37 | 22 | --- |

The deficiencies include self-employment taxes and, for the taxable years 1990 and 1991, the deduction authorized by section 164(f) for one-half of such taxes.  The deficiency for 1991 does not take into account income tax withheld from petitioner's wages.  Sec. 6211(a), (b)(1).

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely income tax returns for the taxable years in issue was not due to reasonable cause.  Finally, the additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay the requisite estimated income tax for the taxable years in issue.

Petitioner's Petition

Petitioner filed a petition for redetermination on December 29, 1995.  The petition admits that "All monies paid to me have been wages" and alleges that "Only income is taxable, not wages or salaries".  The petition also alleges as follows:

> There is not enough pages to submit all the U.S. court cases to prove that income is taxable and wages are not.  Tax on wages are volentary [sic].  I do not wish to participate.

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim And To Impose A Penalty Under I.R.C. § 6673 on February 16, 1996.  Respondent's motion concludes as follows:

Petitioner filed this petition as a protest to paying income taxes. Such an action falls within the conduct proscribed by I.R.C § 6673.

On February 20, 1996, shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. Specifically, the Court directed petitioner to file, by March 14, 1996, an amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based.

Petitioner failed to respond to the Court's order to file an amended petition. However, on March 12, 1996, petitioner filed his Motion For Dismissal For Lack Of Jurisdiction. In his motion, petitioner continues to argue that compensation is not taxable. In addition, petitioner alleges in his motion, inter alia, that "Petitioner is not a taxpayer within the purview of the Internal Revenue Code", that "Petitioner is not located in any area of jurisdiction subject to the United States Congress", and that "The United States Government is a foreign corporation with respect to the states". Petitioner's motion concludes, in part, as follows:

> Unless this Court can clearly state that the several states united have been overthrown and conquered by Congress, this Court is without jurisdiction relating to matters outside its venue.

A hearing was held in this case in Washington, D.C., on March 20, 1996. Counsel for respondent appeared at the hearing and presented argument on the pending motions. Petitioner did not appear at the hearing, nor did petitioner file a statement with the Court pursuant to Rule 50(c).[2]

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiencies and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of

---

[2] In its Order dated Feb. 20, 1996, the Court reminded the parties of the applicability of Rule 50(c), which provides for the submission of a written statement in lieu of, or in addition to, attendance at the hearing.

a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal.  Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5).  There is neither assignment of error nor allegation of fact in support of any justiciable claim.  Rather, there is nothing but tax protester rhetoric and legalistic gibberish.  See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).  Further, petitioner did not file an amended petition, much less a proper amended petition, as directed by the Court in its Order dated February 20, 1996.  Rather, he filed yet another document replete with nothing other than additional tax protester rhetoric.

We see no need to catalog petitioner's contentions and painstakingly address them.  We have dealt with many of them before.  E.g., Devon v. Commissioner, T.C. Memo. 1995-206.

Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is a taxpayer, and that compensation for personal services is income. E.g., United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable."). See also sec. 61(a)(1), (2), and (4), defining gross income to include compensation for services, gross income derived from business, and interest, respectively.

Because the petition fails to state a claim upon which relief can be granted, we will grant so much of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). Because there is no merit whatsoever in petitioner's Motion For Dismissal For Lack Of Jurisdiction, we will deny that motion.

We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty

not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the notices of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition and in the motion to dismiss for lack of jurisdiction, consists solely of stale and time-worn tax protester rhetoric. Based on well established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty

to the United States in the amount of $1,500. <u>Coleman v. Commissioner</u>, <u>supra</u> at 71-72; <u>Crain v. Commissioner</u>, <u>supra</u> at 1417-1418; <u>Coulter v. Commissioner</u>, 82 T.C. 580, 584-586 (1984); <u>Abrams v. Commissioner</u>, <u>supra</u> at 408-411.

In order to reflect the foregoing,

<u>An order of dismissal and decision will be entered</u>.