T.C. Memo. 2000-169


UNITED STATES TAX COURT


DAVID R. AND DARLENE FUNK, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18510-99, 1366-00,          Filed May 23, 2000.
             1367-00,  1368-00,
             1369-00,  1370-00,
             1371-00.


David R. Funk and Darlene Funk, pro se in docket No. 18510-99.

Richard Marks (an officer), for petitioners in docket Nos. 1366-00 through 1371-00.

---

[1] Cases of the following petitioners are consolidated herewith:  David R. Funk, DC, Trust, Caribe Corp., Trustee, docket No. 1366-00; DF2 Management, Trust, Caribe Corp., Trustee, docket No. 1367-00; Odessa Properties, Trust, Caribe Corp., Trustee, docket No. 1368-00; D & D Leasing, Trust, Caribe Corp., Trustee, docket No. 1369-00; Computer Training Center, Trust, Caribe Corp., Trustee, docket No. 1370-00; and Darlene Funk, Trust, Caribe Corp., Trustee, docket No. 1371-00.

Jeremy L. McPherson, for respondent.


MEMORANDUM OPINION


COHEN, Chief Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(5). Unless otherwise indicated, section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable year 1995, additions to tax, and penalties as follows:

| Docket No. | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|---|---|---|---|
| 18510-99 | $196,211 | $9,780.75 | $39,242.20 |
| 1366-00 | 53,503 | 2,675.00 | 10,701.00 |
| 1367-00 | 22,951 | 1,148.00 | 4,590.00 |
| 1368-00 | 9,105 | 455.00 | 1,821.00 |
| 1369-00 | 574 | 29.00 | 115.00 |
| 1370-00 | 114,727 | 5,736.00 | 22,945.00 |
| 1371-00 | 4,453 | 223.00 | 891.00 |

Background

These cases are before the Court on respondent's motions to dismiss for failure to state a claim and to impose a penalty

under section 6673.  In docket Nos. 1366-00 through 1371-00, respondent filed a supplement to the motion to dismiss wherein respondent noted that the respective dockets were related to the lead docket No. 18510-99.  A hearing was held with respect to the motions filed in the respective dockets.

The notice of deficiency issued to petitioners David R. and Darlene Funk in docket No. 18510-99 determined that petitioners failed to report various items of gross income including Schedule E, Supplemental Income and Loss, rental and royalty income. Also, respondent determined that petitioners must include on their individual return self-employment income reflected on trust income tax returns which were the subject matter of the related dockets.  The notices of deficiency in the trust cases (docket Nos. 1366-00 through 1371-00) indicate that, although income was reported on respective trust returns, a zero tax liability was reflected as a result of claimed deductions equaling or exceeding the income reported.  The notices of deficiency issued to the trusts disallowed Schedule C, Profit or Loss From Business, expenses claimed on the trust returns.[2]

---

[2] We cannot determine from this record whether respondent seeks to impose a tax on the same income against both the trusts and the individuals.  To the extent respondent has taken a position in the notice of deficiency issued to petitioners David and Darlene Funk inconsistent with the position in the notices of deficiency issued to the trusts, we shall issue an order under Rule 155 directing respondent to provide computations in all dockets that reflect consistent treatment of income and
(continued...)

At the time the petition was filed in docket No. 18510-99, petitioners David R. and Darlene Funk resided at Rocklin, California. At the time of filing the petitions in docket Nos. through 1366-00 through 1371-00, the officer of the trustee of the respective trusts, Richard Marks, resided at Rocklin, California.

Respondent asserts in his motions that each of the respective dockets should be dismissed for failure to state a claim on the basis that petitioners have failed to allege in the respective petitions or amended petitions any justiciable error and that they merely assert frivolous arguments as a protest against paying taxes.

Paragraph 4 of the petition in each of these cases contained as a basis for disagreement with the notice of deficiency identical language as follows:

> The District Director issued a Statutory Notice of Deficiency claiming petitioner has a tax liability without there being a statutorily procedural correct lawful tax assessment. Attached to the Notice of Deficiency, IRS Form 4549A, income tax examination changes, line 11 states, "Total Corrected Tax Liability." Respondent has failed to provide the petitioners with internal revenue code sections or regulations this total corrected tax liability was calculated or assessed under. The respondent has refused to provide the petitioners with a Summary Record of Assessment as per Internal Revenue Regulation 301.6203-1. Respondent has failed to properly sign the Notice of Deficiency as required under IRC Section

---

²(...continued)
deductions.

6065. There can be no meaningful administrative hearing until respondent provides petitioners with the requested information, and until that time, petitioner will disagree with all of the adjustments.

After the filing of respondent's motions, the Court issued orders providing the respective petitioners an opportunity to file an amended petition. The Court directed petitioners to set forth with specificity each error they allege was made by respondent in the determination of the deficiency and separate statements of fact upon which petitioners base the assignment of each error. An amended petition was filed in each docket. The amended petitions, which are virtually identical in each docket, do not assert any justiciable claims. Petitioners assert in each of the amended petitions the issues presented as follows:

1. Where is the missing Internal Revenue Code Section that caused a tax liability?

2. Where is the Statutory Procedurally Correct Lawful Assessment?

3. Where is Discovery?

4. Should Respondent be Sanctioned?

## Discussion

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the

facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).

The petitions and amended petitions filed in these cases do not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but frivolous rhetoric and legalistic gibberish, as demonstrated by the summary of the petitions provided above. Under the circumstances, we see no need to catalog petitioners' arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); see also Hansen v. Commissioner, 820 F.2d 1464 (9th Cir. 1987); Grimes v. Commissioner, 806 F.2d 1451 (9th Cir. 1986).

In docket No. 18510-99, petitioners filed a motion to dismiss for lack of jurisdiction, a motion to compel discovery, and an application for order to take depositions. We denied these motions. Petitioners' primary argument was that respondent failed to explain the basis for the determination and also that there is no lawful, proper assessment. In docket Nos. 1366-00 through 1371-00, petitioners also filed motions to dismiss for lack of subject matter jurisdiction. The assertions in those

motions are virtually identical with those made in docket No. 18510-99. We shall deny the motion in each docket.

When the cases were called for hearing, petitioners asked for a continuance to provide additional time to pursue discovery. The stated purpose of the discovery was to ascertain information with respect to the "correctness of the dollar amount, or additional tax liability that the district [director] * * * used to make his determination" and the failure of that individual to "identify the IRS code section or regulation that the notice of deficiency determination was based on". We denied the oral motions to continue since they were essentially repetitive of petitioners' prior written motions.

The notices of deficiency in these cases make determinations based on tax returns filed by petitioners. As such, petitioners' reliance on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), is misplaced. In Scar, the parties agreed that the notice of deficiency had no relationship to the taxpayer's return. Petitioners' argument that the determination of a deficiency without a "statutorily procedural correct lawful assessment" is likewise misplaced. Once a notice of deficiency has been issued, a taxpayer has 90 days in which to file a petition with this Court. During this period, no assessment for the deficiency may be made, and no levy or proceeding in court

for its collection can be begun or, if a petition is filed, until a decision of this Court is final.  See sec. 6213(a).

Because the petitions fail to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss in each docket.  See Rules 34(a)(1), 123(b); Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

Section 6673

We now consider that part of respondent's motions that seeks an award of a penalty against petitioners under section 6673(a). Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.

A petition is frivolous if it is contrary to established law, or unsupported by a reasoned, colorable argument for change in the law.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an order of this Court.

A review of the record in these cases satisfies us that petitioners are not interested in disputing the merits of the deficiencies, additions to tax, or penalties.  Petitioners appear to regard these cases as a vehicle to present their views.  The

Court's time and resources have been wasted, and we are convinced that petitioners maintained this proceeding primarily for delay.

In view of the foregoing we shall exercise our discretion under section 6673(a)(1) and require petitioners David R. and Darlene Funk (docket No. 18510-99) to pay a penalty to the United States in the amount of $3,000. We shall also require each petitioner in docket Nos. 1366-00 through 1371-00 to pay a penalty to the United States in the amount of $1,000 each.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.[3]

---

[3] As previously indicated, the Court will order respondent to provide a computation in all dockets which reflects consistent treatment of income in these related dockets.