T.C. Memo. 2001-291

UNITED STATES TAX COURT

DAVID R. AND DARLENE FUNK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10317-00.                     Filed November 2, 2001.

David R. and Darlene Funk, pro sese.

<u>Jeremy McPherson</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Daniel J. Dinan pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.  Unless otherwise
indicated, section references are to the Internal Revenue Code as
amended, and all Rule references are to the Tax Court Rules of

Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DINAN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Failure to State a Claim and to Impose a Penalty under I.R.C. Section 6673, filed November 2, 2000. A hearing was held on the motion. As explained below, we shall grant respondent's motion.

Respondent determined a deficiency of $555,943 in petitioners' Federal income tax for the year 1996 and a penalty of $111,188.60 pursuant to section 6662(h).

Background

The deficiency in issue is based on respondent's determinations as follows: (a) Petitioners received and failed to include in income on their 1996 return, $2,722 of capital gains; (b) petitioners are not entitled to a $3,000 capital loss deduction for 1996; (c) $48 of dividend income, which had been reported in income by a trust created by petitioners, was taxable to petitioners in 1996; (d) petitioners are not entitled to $15,300 of exemption deductions for 1996 because of increases to petitioners' income (a computational adjustment); (e) $53 of interest income which had been reported in income by a trust created by petitioners was taxable income to petitioners in 1996; (f) petitioners were not entitled to a $137,002 net operating

loss carryback to 1996; (g) petitioner David R. Funk received and failed to include $555,508 in gross income on petitioners' 1996 return which had been reported on trust income tax returns of which he was grantor, relating to rental and royalty income; (h) petitioner Darlene Funk received and failed to include $531,508 in gross income on petitioners' 1996 return which had been reported on trust income tax returns of which she was grantor, relating to rental and royalty income; (i) petitioners are liable for additional self-employment tax for 1996 of $45,304; and (j) the trusts created by petitioners are shams, or, in the alternative are grantor trusts, or, in the alternative that the income reported by the trusts is taxable to petitioners under the assignment of income doctrine.

Respondent also determined that for the year 1996 petitioners are liable for an accuracy-related penalty under the provisions of section 6662, computed on the full deficiency determined in the notice of deficiency.

When the petition was filed in this case on October 3, 2000, petitioners resided in Rocklin, California.

In his motion to dismiss, respondent avers, inter alia:

> 9. * * * Tax Court Rule 34(b)(5) provides that the petition in a deficiency action shall also contain "[Clear] and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner."

10. The petitioners alleged in their petition no facts in support of any of their allegations of error; instead, the petitioners have alleged only "facts" which are irrelevant to their allegations of error, or are not allegations of fact but are instead allegations of law and legal conclusions.

11. In the petition, the petitioners did not address, or allege as erroneous, any of the specific determinations of the respondent in the notice of deficiency * * *.

12. In the petition, the petitioners did not allege facts regarding any of the specific determinations of the respondent in the notice of deficiency.

Paragraph 4 of the petition in this case challenges the notice of deficiency in this case as follows:

(1) Respondents Notice of Deficiency claims a deficiency. Petitioner denies having a deficiency. (2) Respondents Notice of Deficiency claims unreported and under reported income. Petitioner denies having unreported or under reported income. (3) Respondents IRS Form 4549A-CG, income tax examination changes, claims a tax liability. Petitioner denies having a tax liability. (4) Respondent has failed to provide petitioners with certified assessment information as per Internal Revenue Regulation 301.6203-1. (5) Respondent claims a deficiency, but has failed to provide petitioners with the USC Title 26 taxing statue that applies. (6) Respondent claims a deficiency, but has failed to provide petitioners with any certified facts or evidence. (7) Respondents Notice of Deficiency is null and void as it is based on hearsay facts and evidence. (8) Petitioner has been denied a meaningful administrative hearing where certified facts or evidence from respondent was provided. (9) Petitioners declaration, signed under penalty of perjury, is attached and made part of this matter.

Attached to the petition is a Declaration of David R. Funk (attached hereto as Appendix). A substantially identical Declaration of Darlene Funk was also attached to the petition.

When respondent filed his motion to dismiss, on November 2, 2000, the Court, in an Order dated November 2, 2000:

> ORDERED that the petitioners shall on or before December 18, 2000, file with the Court an amended petition in which they set forth with specificity each error they allege was made by the respondent in the determination of the deficiency and separate statements of every fact upon which petitioners base the assignment of each error.

On December 19, 2000, petitioners filed an Amended Petition in which petitioners alleged, inter alia:

> 5. The determination of the tax set forth in the said notice of deficiency (or liability), and the deficiency itself, is based upon the following errors:
>
> (a) Respondent errored in that respondent, as per the USC Title 26 sec. 1313(a), does not have authority to make a "determination."
>
> (b) Respondent errored in that the "deficiency" claimed by respondent, is not in compliance with USC Title 26 sec. 6211(a) and USC Title 26 sec. 6212(a), in that respondent failed to identify the statute, under USC Title 26, Subtitle A or B, that was relied on to claim a deficiency.
>
> (c) Respondent errored as to a claim that petitioner has a deficiency (tax liability), as respondent has failed to providence (sic) facts or evidence, as per USC Title 26, Regulation 301.6203-1, of a statutory procedurally correct assessment to support respondents claim.
>
> (d) Respondent errored in that respondent has failed to provide a competent witness to support any claimed unreported or under reported income.

(e) Respondent errored as the statute of limitation has expired for the year 1996 and has furnished no evidence that it has been extended.[1]

(f) Respondent errored in that all respondents facts and evidence submitted to the court are unsupported, based on hearsay, and not in compliance with Federal Rules of Evidence.

(g) In support of petitioners facts and evidence, petitioners declaration, signed under penalty of perjury, is attached and made part of this matter.

6. The basis of the petitioners case, and the facts and law upon which petitioner relies, are as follows:

(a) IRC Sec. 1313(a), Determination--For purposes of this part, the term "determination" means--1313(a)(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final.

Petitioner states that IRC sec. 1313(1) clearly states, as it applies to the current matter, that only Tax Court has the authority to make a "determination." Neither the respondent, and/or the District Director who rubber stamped her signature to the Notice of Deficiency, as per IRC sec. 1313(a), have the authority to make a "determination."

(b) IRC Sec. 6211(a), in General, states--For purposes of this title in the case of income estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapter 41, 42, 43, and 44 <u>the term "deficiency" means the amount by which the tax imposed by subtitle A or B</u>, or chapter 41, 42, 43, or 44 exceeds the excess of-- * * *

---

[1] Petitioners signed their 1996 income tax return on July 31, 1997, and filed it with the IRS at Ogden, Utah, on Aug. 4, 1997. The statutory notice of deficiency for 1996 was mailed to petitioners on July 5, 2000. Sec. 6503(a)(1) (issuance of statutory notice) therefore suspended the running of the 3-year period of limitations provided for in sec. 6501(a).

IRC Sec. 6212(a), in General, states--If the Secretary determines that there is a deficiency in respect of <u>any tax imposed by subtitles A or B</u> or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

The petitioner interprets both of these sections to mean, the respondent will identify the IRC section that was relied on to "determine" the "deficiency." For a tax to be imposed under subtitle A or B, the respondent must identify the section relied on. Neither the respondent, and/or the District Director who rubber stamped her signature to the Notice of Deficiency, have identified the IRC section, under USC Title 26, Subtitle A or B, that was relied on to claim a tax due (liability).  If respondent can not identify any section under subtitle A or B, then respondents determination and deficiency is based on fraud.

## Discussion

Rule 34(b)(4) provides that a petition filed in this Court shall contain:

(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability.  The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner.  Any issue not raised in the assignments of error shall be deemed to be conceded.  Each assignment of error shall be separately lettered.

The petition and amended petition filed in this case do not conform with the provisions of Rule 34(b)(4) and (5).  There is no assignment of error or allegation of fact to establish any justiciable claim.  The petition and amended petition contains little more than unintelligible gobbledygook.

We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to

do so might suggest that these arguments have some colorable merit. [Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984)].

Because the petition and amended petition fail to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss.

Section 6673

In his motion to dismiss, respondent further moved the Court to impose a penalty, in an appropriate amount, pursuant to section 6673, based upon the fact that petitioners have instituted these proceedings primarily for the purpose of delay and/or their position in the present case is frivolous or groundless.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position in such proceeding is frivolous or groundless.

Petitioners are not strangers to this Court. In Funk v. Commissioner, T.C. Memo. 2000-169, this Court dismissed under similar circumstances the petitioners' petition for failure to state a claim upon which relief can be granted and required them to pay a penalty of $3,000 pursuant to section 6673(a)(1).

When the instant case was called from the calendar of the trial session of the Court in San Francisco, California, on January 22, 2001, petitioners appeared for hearing on respondent's motion to dismiss filed in this case. At the hearing, the Court inquired as to whether petitioners had received a copy of the above-mentioned Memorandum Opinion filed by the Court on May 23, 2000, before they filed the petition in this case, and petitioner David R. Funk responded that they had received a copy of the Memorandum Opinion before filing their petition in the instant case. Nevertheless, petitioners informed the Court that they wished to continue with the proceedings in this case.

We find that this case is frivolous and was brought by petitioners primarily for delay.

In view of the foregoing, we shall exercise our discretion under section 6673(a)(1) and require petitioners to pay a penalty of $25,000 to the United States.

To reflect the foregoing,

An order and decision will be entered for respondent.

APPENDIX A


DECLARATION OF DAVID R. FUNK

I, David R. Funk, declare to the best of my knowledge that the following facts are true and correct.

Declaration of Material Facts

This declaration of material facts pertaining to David R. Funk, establishes my relationship to Internal Revenue Code taxing authority. This declaration of material facts is intended to comply with the "substantial authority standard" (26 CFR Sec. 1.6662-4(d)) and the "good faith and reasonable cause standard" (26 CFR Sec. 1.6664-4(a)). This declaration is also intended to comply with requirements of Rule 601 of the Federal Rules of Evidence. I have personal knowledge of facts set forth herein (Rule 43(e), F.R.Civ.P. & Rule 602, F.R.Evid.). Declarations of material fact are as follows:

1. My name is David R. Funk; I am a living, moral being endowed with unalienable rights to life, liberty and property, and all rights and benefits secured by the Constitution of the United States of America and the Constitution of the State of California.

2. I am a native and Citizen of the State of California, which is a State of the Union.

3. My abode and dwelling is geographically located in the State of California, one of the States of the Union.

4. I do not have a foreign tax home, as defined in the Internal Revenue Code.

5. To the best of my knowledge, I have never received notice from a District Director of an Internal Revenue Service district, nor the Assistant Commissioner of Internal Revenue (International), that I have ever been required to keep books and records and file returns (Letter 978 (DO) & Notice 555). (See also, 26 U.S.C. sec. 6001, 26 CFR secs. 1.6001-1(d), 31.6001-6, and Treasury Delegation Order No. 24).

6. To the best of my knowledge, I have never received lawful and procedurally proper assessments of Federal taxes, penalties, or interest for calendar year ending December 31, 1996. (26 U.S.C. sec. 6203, 26 CFR sec. 301.6203-1, and Internal Revenue Manual

secs. 3(17)(63)(14).1 (1-1-89), 3(17)(46)2.3 (1-1-89),
3(17)(63)(14).5 (4-1-96), 3(17)(63)(14).6 (4-1-96) and
3(17)(63)(14).7 (4-1-96)).

7.  To the best of my knowledge, for calendar year ending
December 31, 1996, I have no outstanding Federal Tax liability
that is evidenced by a lawful and procedurally proper assessment.
(26 U.S.C. sec. 6303 and 26 CFR sec. 301.6303-1).

8.  To the best of my knowledge, I have never received certified
notice and demand for payment of Federal taxes subsequent to
lawful and procedurally proper assessment being made for calendar
year ending December 31, 1996.  (26 U.S.C. sec. 6303 and 26 CFR
sec. 301.6303-1).

9.  To the best of my knowledge, for calendar year ending
December 31, 1996, all of my earnings and/or income has been from
sources in California and/or other States of the Union.

10.  To the best of my knowledge, for calendar year ending
December 31, 1996, all of my earnings and/or income has been
reported.

11.  To the best of my knowledge, for calendar year ending
December 31, 1996, I have no unreported earnings and/or income of
any type.

12.  To the best of my knowledge, for calendar year ending
December 31, 1996, I have never been notified by any government
agent or agency that I have unreported earnings and/or income of
any type.

13.  To the best of my knowledge, for calendar year ending
December 31, 1996, all of my wages, salaries, commissions,
remuneration and other forms of compensation have been as an
employee of private enterprise located in California and/or other
States of the Unions, or from my own private enterprise in
California and/or other States of the Union.

14.  To the best of my knowledge, I have never stipulated or
agreed to allow any part of my administrative record be entered
as evidence in any administrative or tax court proceeding.

15.  To the best of my knowledge, I have never stipulated or
agreed to allow any affidavit, declaration, statement, work
papers, or other documents, be entered as evidence in any
administrative or court proceeding.

16. To the best of my knowledge, for calendar year ending December 31, 1996, I have never been provided certified or attested evidence by any government agent or agency that I have unreported earnings and/or income, a tax liability, or a lawful assessment.

Since I am relying solely on the U.S.C. Title 26 Code, Regulations, and the Internal Revenue Manual, to the best of my knowledge, I am not in violation of any law or statute that I know of.

I so declare under penalty of perjury,


_____          _9-29-00_____

David R. Funk                             Date